IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERVAT MIKHAEIL                )
       Plaintiff,          )
                               )
v.                             )
                               )
WALGREEN'S INC.)               Case No.
                       )       Honorable
                               )
       Defendants.         )
                               )

Marla A. Linderman (P55759)
Romanzi Atnip P.C.
2850 Dixie Hwy
Waterford, MI 48328
(248) 674-4404
marla@romanziatnip.com
Attorneys for Plaintiff

**COMPLAINT**
**TRIAL BY JURY REQUESTED**

PLAINTIFF, through counsel, states the following Complaint against Defendant:

**NATURE OF CLAIM**

1. This is a proceeding for money damages, emotional distress damages, equitable relief, including but not limited to declaratory and injunctive relief, reinstatement with the same seniority status that employee, would have had but for the discrimination, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees and for any other available relief against Defendant to redress the deprivation of Plaintiff's rights and

purposeful retaliation against the Plaintiff under 31 U.S.C. §3730(h), also known as the federal False Claims Act (the "FCA" or "Act"); the Michigan Medicaid False Claims Act, MCL §400.610c; the Whistleblower's Protection Act MCL §15.361 et. seq., the FLSA, ELCRA and the common law.

## JURISDICTION AND PARTIES

2. The jurisdiction of this Court is invoked pursuant to 28 USC §1331, 28 USC §1367, 31 USC §3730(h), the FLSA and supplemental jurisdiction.

3. Jurisdiction to grant the damages and relief requested in paragraph 1 is also invoked pursuant to 28 USC §2201, S2202, the FLSA; and supplemental jurisdiction.

4. Many of the events giving rise to this action occurred in the Eastern District of Michigan.

5. The amount in controversy exceeds $75,000.00.

6. Plaintiff resides in Oakland County, Michigan.

7. Defendant is a foreign corporation headquartered in Illinois, doing business in Oakland County, particularly here as part of its Michigan North-174 District.

8. Plaintiff worked for Defendant in Oakland County.

## COMMON ALLEGATIONS

9. Plaintiff realleges and reincorporates paragraph 1-9 of this Complaint as if fully set forth herein.

10. Plaintiff worked for Defendants as an employee, in the position of Pharmacist, from approximately August 1, 2012 until July 22, 2013.

11. Defendants terminated Plaintiff on or about July 22, 2013.

12. During her tenure with Defendants, Plaintiff repeatedly observed Defendant's agent improperly dispense controlled 2 substances and other prescriptions.

13. Plaintiff attempted to discuss her concerns with Defendant, through its agents, on several occasions.

14. Defendant's agents told Plaintiff to have the Pharmacy Manager investigate her concerns before reporting them in the STARS system, even though Plaintiff's concerns were about the Pharmacy Manager.

15. Plaintiff did follow her supervisors instructions and did not report any of the Pharmacy Manager's mistakes without first telling the Pharmacy Manager and getting direction from the Pharmacy manager about whether a report to the STARS system was necessary.

16. Plaintiff continued to bring her concerns to her supervisor, Ms. Yadmark, about the Pharmacy Manager, but Ms. Yadmark continued to direct Plaintiff to follow the Pharmacy Manager's directive.

17. Plaintiff also reported inappropriate comments about her race and national origin made by the Pharmacy Manager to Ms. Yadmark on multiple occasions.

18. Defendant failed to investigate Plaintiff's claims and took no action regarding Plaintiff's report of illegal discrimination, harassment and retaliation by the Pharmacy Manager.

19. Plaintiff also reported that she was not being properly paid for work she actually did, despite being promised to be paid for the extra shifts she had handled.

20. Defendant failed to investigate Plaintiff's claim.

21. Plaintiff also informed Ms. Yadmark that the Pharmacy Manager had assaulted her physically.

22. Defendant failed to investigate Plaintiff's claim.

23. Concerned about the fraud taking place and not wanting to participate in the illegal conduct, Plaintiff engaged in protected activity by informing Defendant, through Ms. Yadmark, that she believed that they were engaged in fraudulent billing practices based on improper prescription dispensing.

24. When Plaintiff attempted to provide physical evidence of the improper prescription dispensing, she was threatened with termination on June 28, 2013.

25. In the end, Ms. Yadmark told her that Walgreen's attorney had informed Ms. Yadmark that Plaintiff could not be terminated for her report of improper prescription dispensing.

26. Instead, Plaintiff was to report back to work on July 10, 2013 for training.

27. When Plaintiff showed up for this training, she was confronted by Ms. Yadmark and the Loss Prevention Supervisor.

28. Plaintiff reiterated her claims of national origin discrimination, harassment and retaliation, the illegal prescription dispensing on the part of the Pharmacy Manager, the failure to pay her and the intentional and wanted physical touching of the Pharmacy Manager to both Ms. Yadmark and the Pharmacy Manager.

29. Ms. Yadmark admitted that she had prior knowledge of at least some of these claims by Plaintiff to the Loss Prevention Supervisor.

30. However, Ms. Yadmark then sent Plaintiff home claiming that she had violated Defendant's STAR system policy.

31. This was a false reason as Plaintiff had been following Defendant's STAR system policy with the specific instructions of Ms. Yadmark and the Pharmacy Supervisor.

32. As a result of Plaintiff's protected activity, Plaintiff was subjected to increased scrutiny, isolation, changed terms and conditions of employment and false claims of failure to follow policies.

33. As a result of Plaintiff's protected activity she was denied training.

34. As a result of Plaintiff's protected activity, she was terminated, in at least part, in violation of the federal False Claims Act, Michigan Medicaid False Claims Act, the Michigan Whistleblowers' Protection Act, public policy, the FLSA and/or ELCRA on July 22, 2013.

## COUNT I
### Violation of 31 U.S.C. 3730(h)

35. Plaintiff realleges and reincorporates paragraph 1-34 of this Complaint as if fully set forth herein.

36. Defendant retaliated against Plaintiff because of her protected activity by subjecting her to increased scrutiny, isolation, changed terms and conditions of employment and false accusations of failure to follow policies.

37. As a result of Plaintiff's protected activity she was denied training.

38. Defendant retaliated against Plaintiff by discharging her after receiving notice that Plaintiff had engaged in protected activity protected under the federal False Claims Act action.

39. Defendant retaliated against Plaintiff by discharging her, at least in part, because Plaintiff had engaged in protected activity protected under the federal False Claims Act action.

40. Such conduct was in violation of the federal False Claims Act whistleblower protection provision, 31 U.S.C. 3730(h).

41. Through Defendant's actions of improperly discharging Plaintiff, she has suffered damages including but not limited to loss of her job and income, loss of career opportunities, and emotional distress, including but not limited to embarrassment, humiliation and outrage.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) back pay damages as provided for in 28 USC §3730(h); (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just.

## COUNT II
## Violation of MCL §400.610c

42. Plaintiff realleges and reincorporates paragraph 1-41 of this Complaint as if fully set forth herein.

43. Defendant retaliated against Plaintiff because of her protected activity by subjecting her to increased scrutiny, isolation, changed terms and conditions of employment and false accusations of failure to follow policies.

44. As a result of Plaintiff's protected activity she was denied training.

45. Defendant retaliated against Plaintiff by discharging her after receiving notice that Plaintiff had engaged in protected activity under MCL §400.610c.

46. Defendant retaliated against Plaintiff by discharging her, at least in part, because Plaintiff had engaged in protected activity protected under the Michigan Medicaid False Claims Act action.

47. Such conduct was in violation of the Michigan Medicaid False Claims Act.

48. Through Defendant's actions of improperly discharging Plaintiff, she has suffered damages including but not limited to loss of her job and income, loss of career opportunities, and emotional distress, including but not limited to embarrassment, humiliation and outrage.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and

non-economic injuries; (2) back pay damages as provided for in MCL §400.610c; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just.

## COUNT III
### Michigan Whistleblower Protection Act

49. Plaintiff realleges and reincorporates paragraph 1-48 of this Complaint as if fully set forth herein

50. At all material times Plaintiff was an employee of Defendant and Defendant was Plaintiff's employer, as defined and subject to the Michigan Whistleblower Protection Act, M.C.L. §§15.361 et seq.

51. Plaintiff's termination by Defendant was in violation of the Michigan Whistleblower Protection Act and in direct retaliation for Plaintiff's protected activity.

52. Plaintiff's termination by Defendant was, at least in part, because of Plaintiff's protected activity.

53. Through Defendant's actions of improperly discharging Plaintiff, she has suffered damages including but not limited to loss of her job and income, loss of career opportunities, and emotional distress, including but not limited to embarrassment, humiliation and outrage.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

## COUNT IV
### TERMINATION IN VIOLATION OF PUBLIC POLICY

54. Plaintiff realleges and reincorporates paragraph 1-53 of this Complaint as if fully set forth herein

55. This count is made as an alternative to the previous counts.

56. At all material times Plaintiff was an employee of Defendant and Defendant was Plaintiff's employers.

57. Plaintiff informed Defendants that Plaintiff believed that federal and/or state laws regarding improper dispensing of prescriptions and billing of those prescriptions were being broken by the Pharmacy Manager.

58. Defendant terminated Plaintiff for refusing to violate the laws and public policies of Michigan and the Federal Government.

59. Plaintiff's termination by Defendant was in violation of the public policies and laws of Michigan and the Federal government and in direct retaliation for Plaintiff's protected activity.

60. Plaintiff's termination by Defendant was, at least in part, because of Plaintiff's refusal to violate the laws and public policies of Michigan and the Federal government.

61. Through Defendant's actions of improperly discharging Plaintiff, she has suffered damages including but not limited to loss of her job and income, loss of career opportunities, and emotional distress, including but not limited to embarrassment, humiliation and outrage.

WHEREFORE, Plaintiff requests (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

## COUNT V

## FAIR LABOR STANDARDS ACT ("FLSA") WAGE VIOLATIONS
## FAILURE TO PAY FOR TIME WORKED

62. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

63. From approximately August 1, 2012 to approximately July 22, 2013, Plaintiff was Defendant's employee within the meaning of the FLSA.

64. From approximately August 1, 2012 to approximately July 22, 2013, Defendant was Plaintiff's employer within the meaning of the FLSA.

65. In violation of the FLSA, Defendant failed to pay Plaintiff for all time she worked in violation of the FLSA in compliance with the FLSA.

66. Defendant knowingly, willingly and intentionally failed to pay Plaintiff for all of her time worked in violation of the FLSA.

67. Defendant's violation of the FLSA was not in good faith.

68. Defendant did not reasonably believe that they had followed the FLSA.

69. Defendant's violations have directly and proximately caused Plaintiff great damages, including loss of wages, benefits and other compensation of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) liquidated damages as provided for in the FLSA, 29 USC §201 et seq.; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just, including but not limited to reinstatement.

## COUNT VI
## ELCRA (RACE AND NATIONAL ORIGIN HARASSMENT)

70. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

71. Defendant is an employer required to comply with ELCRA.

72. From at least mid-January 2013 until her termination, Plaintiff has been subjected to a hostile work environment based on her race and nation origin having been born in Egypt.

73. This harassment included inappropriate comments about Plaintiff being Egyptian.

74. The inappropriate race and national origin comments and acts were directed toward Plaintiff.

75. Defendant's harassment was severe and pervasive.

76. Defendant was aware of Plaintiff's complaint of race and national origin harassment and failed to take appropriate action to prevent further harassment.

77. Defendant's actions allowing and ratifying the harassment has caused Plaintiff great damages including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

78. As a proximate result of Defendants' unlawful actions against Plaintiff as described above, Plaintiff has sustained injuries including loss of earnings and earning capacity, loss of reputation and esteem in the community, mental anguish, embarrassment and humiliation.

WHEREFORE, Plaintiff requests (1) judgment against the Defendant in whatever amount is determined to be fair and adequate compensation for her economic and non-economic injuries; (2) costs, interest and attorney fees; and (3) such other equitable relief as the Court deems just.

## COUNT VII
## ELCRA
## (RACE AND NATIONAL ORIGIN DISCRIMINATION)

79. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

80. Plaintiff was improperly subjected to different work conditions based on her race and/or national origin including but not limited to disparate discipline, a hostile work environment, inappropriate comments and different rules and regulations than those that applied to other non-Egyptian employees.

81. Plaintiff was terminated in part because of her race and national origin.

82. Defendant's illegal discrimination of Plaintiff has caused Plaintiff great damages including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

83. Based on information and belief, the reasons for her termination are pretext for illegal retaliation.

84. As a proximate result of Defendant's unlawful actions against Plaintiff as described above, Plaintiff has sustained injuries including loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental anguish, embarrassment and humiliation.

WHEREFORE, Plaintiff requests (1) judgment against the Defendant in whatever amount is determined to be fair and adequate compensation for her economic and non-economic injuries, as well as punitive damages; (2) costs, interest and attorney fees; and (3) such other equitable relief as the Court deems just.

## COUNT VIII

## ELCRA (RETALIATION)

85. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

86. Plaintiff engaged in protected activity when she complained of race and national origin harassment, inappropriate race and national origin comments and disparate treatment based on her race and national origin internally.

87. Plaintiff last complained to Defendant about the illegal harassment and discrimination on or about July 10, 2013.

88. Plaintiff was placed on leave on July 10, 2013.

89. Plaintiff was told by Defendant that she was terminated on July 22, 2013.

90. Based on information and belief, the reasons for her termination are pretext for illegal retaliation.

91. As a result of her protected activity, Plaintiff has been subjected to retaliation that would deter others from complaining about illegal discrimination and retaliation.

92. The retaliation has included but is not limited to disparate discipline, a hostile work environment, termination, and different rules and regulations than those that applied to non-Egyptian employees.

93. Defendant's illegal retaliation caused Plaintiff great damages including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

94. As a proximate result of Defendant's unlawful actions against Plaintiff as described above, Plaintiff has sustained injuries including loss of earnings and earning capacity,

loss of career opportunities, loss of reputation and esteem in the community, mental anguish, embarrassment and humiliation.

WHEREFORE, Plaintiff requests (1) judgment against the Defendant in whatever amount is determined to be fair and adequate compensation for her economic and non-economic injuries, as well as punitive damages; (2) costs, interest and attorney fees; and (3) such other equitable relief as the Court deems just.

Respectfully Submitted on September 26, 2013,

ROMANZI ATNIP, P.C.

/s/Marla A. Linderman
Marla A. Linderman (P55759)
Romanzi Atnip P.C.
2850 Dixie Hwy
Waterford, MI 48328
(248) 674-4404
marla@romanziatnip.com
Attorneys for Plaintiff

## JURY DEMAND

NOW COMES the Plaintiff, through counsel, and hereby demands trial by jury in the above captioned matter.

Respectfully Submitted on September 26, 2013,

ROMANZI ATNIP, P.C.

/s/Marla A. Linderman
Marla A. Linderman (P55759)
Romanzi Atnip P.C.
2850 Dixie Hwy
Waterford, MI 48328
(248) 674-4404
marla@romanziatnip.com
Attorneys for Plaintiff