UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERVAT MIKHAEIL,

                Plaintiff,          Civil Action No. 13-14107
                                          Honorable Nancy G. Edmunds
v.                                         Magistrate Judge David R. Grand

WALGREENS, INC.,

                Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR PROTECTIVE ORDER [19]

Before the Court is Defendant's "Motion for Protective Order Under Rule 26(c)(1) Concerning Plaintiff's Request for Depositions on September 29-30 with Unreasonably Short Notice," which was filed on September 24, 2014. (Doc. #19). On September 25, 2014, this motion was referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A). (Doc. #20). The Court attempted to schedule a telephone conference with counsel for the parties to discuss the merits of this motion, but such attempts were unsuccessful. Given the timing of the noticed depositions at issue and the nature of the relief requested, the Court must rule on this motion expeditiously.

The discovery cutoff in this case is Wednesday, October 1, 2014. (Doc. #11). On September 23, 2014, counsel for Plaintiff faxed to counsel for Defendant two deposition notices, purporting to schedule the depositions of five individuals for September 29th and 30th. (Doc. #19 at Ex. A). These individuals are Sue Dobrowolski, Kevin Schmidt, Donna Spencer, Amy Yadmark, and Jeremy Willis.[1] (*Id.*). Upon receipt of these deposition notices, counsel for

---

[1] Two of these witnesses reside outside the state of Michigan, and another is not listed on either party's witness list. Specifically, Ms. Dobrowolski resides in Illinois, and Mr. Willis resides in

Defendant objected to the notices as unreasonable; however, he indicated that he would attempt to determine the availability of the two key, Michigan-based witnesses – Amy Yadmark and Donna Spencer – on the dates unilaterally selected by Plaintiff. (*Id.* at Ex. E). Subsequently, counsel for Defendant communicated – both via e-mail and via text message – that Ms. Spencer could appear for her deposition on Monday, September 29, but Ms. Yadmark was unavailable on both September 29th and 30th. (*Id.* at Ex. F, G). Counsel for Plaintiff did not respond to these communications. Defendant then filed the instant motion, seeking a protective order preventing Plaintiff from deposing four of the five individuals (Yadmark, Willis, Schmidt, and Dobrowolski) on September 29th and 30th.

Fed. R. Civ. P. 30(b)(1) requires "reasonable written notice" of an oral deposition, and Fed. R. Civ. P. 26(c) authorizes the Court to take steps "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." What is "reasonable" notice depends on the facts and circumstances of each case, but depositions noticed up less than one week in advance are frequently found unreasonable. *See, e.g., Kellogg Co. v. FPC Flexible Packaging Corp.*, 2013 WL 3805670, at *2-4 (W.D. Mich. July 22, 2013) (attempt to depose "on six days' notice just before the close of discovery was unreasonable"); *United States v. Philip Morris, Inc.*, 312 F. Supp. 2d 27, 36-37 (D.D.C. 2004) (three business days' notice was unreasonable); *Tradewinds Environmental Restoration, Inc. v. St. Tammany Park, LLC*, 2008 WL 449972, at *2 (E.D. La. Feb. 14, 2008) (email notice sent Friday, February 8, 2008 for deposition scheduled for February 13, 2008 not reasonable).

In this case, even assuming that counsel for Plaintiff faxed the deposition notices to

---

Ohio. (*Id.* at 7). And, according to Defendant, Mr. Schmidt is "a Walgreen Vice-President with no direct knowledge of the underlying events in this case, and who does not appear on either party's witness list." (*Id.*).

counsel for Defendant on Tuesday, September 23, 2014,[2] that still gave Defendant only <u>three business days</u> to simultaneously prepare for the depositions of five witnesses, two of whom reside out of state.  This simply is not reasonable.  This is particularly true where the governing scheduling order was entered on May 28, 2014, establishing a discovery cutoff date of October 1, 2014.  (Doc. 11).  Counsel for Plaintiff could have sought dates for the depositions of these individuals at any time after May 28th; however, she apparently did not do so, instead waiting until just one week before the discovery cutoff to unilaterally notice up five depositions for the two days preceding the close of discovery.

Under the circumstances, the Court finds that Defendant was not provided reasonable notice of the depositions, as required by Fed. R. Civ. P. 30(b)(1).  Consequently, entry of a protective order preventing the challenged depositions from going forward on the dates in question is warranted pursuant to Fed. R. Civ. P. 26(c).[3]

---

[2] Apparently counsel for Defendant did not receive these faxed notices until September 24, 2014, because of "a flood and some tech issues …."  (Doc. #19 at Ex. G).

[3] Plaintiff's counsel did e-mail Defendant's counsel prior to its filing of the instant motion and offered to have Defendant's counsel consult with her assistant regarding changing the deposition dates.  (Doc. #19 at 8).  Defendant counters that the Court's practice guidelines provide that the parties may stipulate to extend the discovery deadline "only if the extension of time does not affect the motion cutoff."  (*Id.*).  Defendant contends that "such an extension here would affect the motions deadline, as [Defendant's] dispositive motion is due November 1, 2014." (*Id.*).  The Court does not necessarily agree with this position of the Defendant; assuming the depositions can be re-scheduled to take place within a short period of time after September 30, 2014, the Court sees no reason why the dispositive motion cutoff date would need to be moved.  Although Plaintiff should have worked with Defendant in obtaining acceptable dates for the various depositions, and a protective order for the September 29th and 30th depositions is appropriate for the reasons discussed above, the parties should still work cooperatively to find new dates in the immediate future for the depositions.  Over the weekend, counsel should discuss whether it makes sense for Spencer's deposition – for which Defendant has not sought a protective order – to proceed as scheduled on its own at 2:00 p.m. on September 29, 2014.  Plaintiff should also consider the need to depose Schmidt, as Defendant contends he "is a Walgreen Vice-President with no direct knowledge of the underlying events in this case, and who does not appear on either party's witness list."  (*Id.* at 7).

3

Therefore, **IT IS ORDERED** that Defendant's Motion for Protective Order **[19]** is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 26, 2014　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2014.

　　　　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　　　　Case Manager