UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mervat Mikhaeil,

    Plaintiff,

v.

Walgreen's Inc.,

    Defendant.
_____/

Case No. 13-14107

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [37]**

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's February 24, 2015 order granting in part and denying in part Defendant's motion for summary judgment [32]. As part of this order, the Court granted Defendant summary judgment on Plaintiff's state law claim of termination in violation of public policy. Plaintiff argues that the Court should reconsider this ruling because she presented sufficient evidence to show that she was terminated for refusing to violate federal prescription laws, a violation of Michigan's public policy. *See Suchodolski v. Michigan Consol. Gas Co.*, 316 N.W.2d 710, 711 (Mich. 1982).

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate

a palpable defect by which the court and the parties and other parties entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case. *Id.*

Plaintiff's motion does not satisfy the requirements of Rule 7.1(h). Plaintiff does not demonstrate a palpable defect by which the Court has been misled. Instead, Plaintiff merely presents a new argument for her public policy claim that she failed to present previously. "A motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). Although Plaintiff's complaint does allege that she was terminated for "refusing to violate the laws and public policies of Michigan and the Federal argument," (Compl. ¶ 57), she made no such argument in her response brief, which focused solely on her internal reporting of Spencer's prescription violations to Yadmark. (Pl.'s Resp. at 16.) Furthermore, Plaintiff has not presented sufficient evidence to show that she was terminated for refusing to violate prescription drug laws in any event. The 24 pages of deposition testimony Plaintiff cites as evidence discuss only what she viewed as Spencer's alleged prescription violations and her reporting of these violations to Yadmark. As discussed previously in this Court's order [32], this evidence of internal reporting does not support a public policy claim.

Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager