UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mervat Mikhaeil,

     Plaintiff,

v.

Walgreen's Inc.,

     Defendant.
_____/

Case No. 13-14107

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR RECONSIDERATION [36]**

This matter comes before the Court on Defendant's motion for reconsideration of the Court's February 24, 2015 order granting in part and denying in part Defendant's motion for summary judgment [32]. As part of this order, the Court denied Defendant summary judgment on Plaintiff's claims of retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h), and Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2202, as well as Plaintiff's claim for violation of the Fair Labor Standards Act. 29 U.S.C. §§ 201 *et. seq.* Defendant seeks reconsideration of these rulings.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties and other parties entitled to be heard

on the motion have been misled but also show that correcting the defect will result in a different disposition of the case. *Id.*

Defendant's arguments for why the Court should reconsider its rulings on Plaintiff's FCA and ELCRA retaliation claims do not satisfy the requirements of Rule 7.1(h). Defendant has not demonstrated a palpable defect, but instead has merely re-hashed the arguments it previously made in its motion for summary judgment. Accordingly, the Court DENIES Defendant's motion as it relates to these claims.

As to the FLSA claim, the Court denied summary judgment on this claim without prejudice "until Defendant provides evidence that it has paid Plaintiff the amount promised in Yadmark's declaration." (Dkt. 32 at 28.) Defendant has provided that evidence in its motion for reconsideration. Accordingly, the Court GRANTS Defendant's motion for reconsideration as it relates to Plaintiff's FLSA claim and GRANTS Defendant summary judgment on that claim.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager